# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| Eric Massenburg, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 CV 50039 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Winnebago County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Chaplain Dave Thurman's and Chaplain Laura Devries' motion to dismiss [41] is granted in part and denied in part. Plaintiff shall submit a third amended complaint within 14 days consistent with this order. Further, the parties are ordered to contact Magistrate Judge Johnston's operations specialist within 14 days to discuss the scheduling of a settlement conference.

## STATEMENT-OPINION

**Background**

Plaintiff Eric Massenburg, detained at the Winnebago County, Illinois jail as a pretrial detainee, brings this lawsuit pursuant to 42 U.S.C. § 1983 claiming a violation of his First Amendment right to practice his religion. Plaintiff brings his claims against Winnebago County, Winnebago County Sheriff Gary Caruana, Winnebago County Sheriff's Officers Robert Jacobson, Chad Bounds, Anthony Ponte, Dan Boyd, Timi Sodergren-Moore, Robert Pilcher, Steve McCorkle, and Rob Lukowski, and Winnebago County jail chaplains Dave Thurman and Laura Devries.

Plaintiff filed a second amended complaint (through retained counsel) on August 2, 2019 [27]. On August 28, 2019, defendants Thurman and Devries filed a motion to dismiss plaintiff's second amended complaint [41]. On October 3, 2019, Magistrate Judge Johnston granted Winnebago County defendants' oral motion to join the motion to dismiss [47]. Plaintiff filed an amended response to the motion to dismiss on October 24, 2019 [49]. Defendants filed a reply to plaintiff's response on November 4, 2019 [51]. Defendants' motion is ready for the court's review.

**Facts**

The following relevant facts are taken from plaintiff's second amended complaint. Since 2016, plaintiff has been a pretrial detainee at Winnebago County jail. Plaintiff is a practicing Jehovah's Witness and is required to review and study religious literature in preparation for weekly meetings. Since his detainment at the jail, plaintiff has requested the religious literature needed to prepare for the weekly meetings. Despite his requests, plaintiff has not received all of his

religious literature. The religious literature can be downloaded onto electronic tablets provided to the detainees (to avoid the difficulty of having the materials mailed to plaintiff). From approximately July 2018, plaintiff has made numerous requests for the Jehovah's Witness application to be downloaded to the electronic tablet. Defendants have informed plaintiff that the application will be added to the tablet, that the application needs to be approved, that it is not their responsibility to add the application to the tablet, and that the tablet service company would need to add the application. Defendants have not permitted the application be added to the tablet. Additionally, defendants have not permitted plaintiff to listen to weekly meetings, either in-person or electronically, including a three-day religious convention, nor have defendants allowed a visit from a religious figure who practices the Jehovah's Witness faith.

According to the briefs and court records, plaintiff filed a civil action against Winnebago County, Winnebago County jail, Winnebago County Sheriff's Office, and Captain Owen, in August of 2016. The suit alleged plaintiff's constitutional rights were violated when he was denied religious materials from February 11, 2016 to the filing of the suit (approximately six months). On September 23, 2016, the court summarily dismissed plaintiff's suit on initial review. The court found plaintiff perpetrated a fraud on the court by failing to disclose his litigation history.

Plaintiff filed the present suit in February of 2019. In his second amended complaint, plaintiff claims defendants have violated his First Amendment right to practice his religion in violation of 42 U.S.C. § 1983. The court denied plaintiff application to proceed *in forma pauperis* ("IFP") [4]. Subsequently, counsel entered appearance on behalf of plaintiff, the $400 filing fee was paid on May 2, 2019 [10], a first amended complaint was filed on May 30, 2019 [11], and a second amended complaint was filed on August 2, 2019 [27]. Plaintiff's *pro se* complaint was not initially screened under 28 U.S.C. § 1915A.

**Standard of review**

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). Additionally, the doctrine of *res judicata* may be raised as a basis to dismiss a complaint under Rule 12(b)(6) since a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

**Analysis**

Defendants argue plaintiff's claims fail under the doctrine of *res judicata* based on the dismissal of plaintiff's 2016 complaint. Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Savory v. Cannon*, 947 F.3d 409, 418, n.6 (7th Cir. 2020) (internal quotation marks and citation omitted). Three factors are necessary for *res judicata* to apply: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the

merits in the earlier action." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (internal quotation marks and citation omitted). "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Highway J Citizens Group v. U.S. Dept. of Trasp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 48 F.3d 337, 338 (7th Cir. 1995)).

However, *res judicata* is an affirmative defense (FED. R. CIV. P. 8(c)) and dismissal under these grounds is not the usual course of action. *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). "Nonetheless, *res judicata* may provide grounds for dismissal for failure to state a claim where a plaintiff has pleaded [himself] out of court by establishing the facts that prove the defense." *Novickas v. Proviso Township High School 209*, 09-cv-3982, 2010 WL 3515793, at * 2 (N.D. Ill. Aug. 31, 2010) (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)). "Motions to dismiss are in order when a plaintiff has failed to state a claim upon which relief can be granted. This vehicle may be employed when the complaint, the documents incorporated by reference in it, matters of public record, and other matters susceptible to judicial notice coalesce to show beyond doubt that an action is barred, under the doctrine of res judicata, by a prior adjudication." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003).

The relevant *res judicata* factor presented here is identity of the causes of action. Defendants argue there is an identity of the causes of action because plaintiff's 2016 case and the present case each address a violation of plaintiff's First Amendment rights through the denial of religious materials. "The test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (internal quotation marks and citation omitted). The dispute centers around whether the claims in the second suit "could have been raised" in the first suit. Plaintiff argues the two suits are premised on different allegations – the first suit on conduct that occurred between February 2016 and July 2016, and the second suit on conduct that occurred from March 1, 2017 to the present. Defendants respond that plaintiff's second amended complaint alleges conduct that has occurred "since [plaintiff] becoming a pretrial detainee." Both parties appear to be right. While plaintiff's amended complaint asserts conduct "since becoming a detainee" multiple times, he specifically notes that "from approximately July 2018…" his rights have been violated. And while there may, of course, be overlap of unconstitutional conduct throughout plaintiff's time at the jail, plaintiff's first complaint was dismissed on September 23, 2016. Plaintiff could not have raised his allegations of conduct since that time in his first lawsuit. In other words, the allegations contained in plaintiff's first suit could not have risen "out of the same transaction" as those in the present suit, despite the fact that the allegations are similar if not the same. "[C]ourts consistently have refused to apply res judicata to preclude a second suit that is based on a claim that could not have been asserted in the first suit." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 678 (7th Cir. 2008). However, the court acknowledges defendants' argument that plaintiff's amended complaint paints with broad strokes allegations that seemingly cover a range of time including plaintiff's 2016 detainment. Therefore, the court grants defendants' motion to dismiss as to any allegations of constitutional violations that occurred at the jail prior to September 23, 2016. Any allegations that occurred after September 23, 2016, are sufficient, and defendants' motion to dismiss these allegations is denied. To aid the court and to provide clarity, plaintiff shall submit a third amended complaint alleging only those allegations that occurred post-September 23, 2016.

Defendants make an argument in the alternative that the court should dismiss plaintiff's case as a sanction for plaintiff failing to disclose his litigation history in his original *pro se* complaint. Defendants remind the court that the court dismissed plaintiff's 2016 complaint for this failure. As the Seventh Circuit has said recently: "There is no doubt that courts have the power to dismiss a lawsuit with prejudice as a sanction when a party violates a discovery rule or disobeys a court order that allows the court to control its docket or manage the flow of litigation." *Greyer v. Illinois Department of Corrections, et al.*, 933 F.3d 871, 877 (7th Cir. 2019). Here, plaintiff filed a *pro se* complaint in February 2019. At the time he filed his complaint he also filed a motion for leave to proceed IFP. On March 31, 2019, the court denied plaintiff's application to proceed IFP because it was not signed by plaintiff and did not include a trust fund certificate signed by an authorized official [4]. The court did not screen plaintiff's complaint at that time under the Prison Litigation Reform Act. Instead of resubmitting an IFP application, counsel entered an appearance on behalf of plaintiff [8], the filing fee was paid [10], and a first amended complaint was filed by counsel [11]. Defendants argue that the PLRA instructs that courts should dismiss *pro se* prisoner complaints, regardless of whether the filing fee has been paid, if the complaint is legally frivolous (citing 28 U.S.C. § 1915(e)(2)). And importantly, that plaintiff here has, once again, committed a fraud upon the court. The court agrees plaintiff should have properly disclosed his 2016 case as well as all of his prior litigation history as directed. However, taking into consideration that within three months of plaintiff's *pro se* complaint, plaintiff had retained counsel, paid the filing fee, and entered an amended complaint, the court, in its discretion, finds that reaching back to plaintiff original complaint and sanctioning him with dismissal is too harsh a punishment for his pleading failures. *See Graham v. Schomaker*, No. 99-1564, 2000 WL 717093, at *3 (7th Cir. May 31, 2000) ("Before imposing [dismissal as] a sanction, the district court should consider whether the other party has been prejudiced by the misconduct, whether the sanction is proportionate to the transgression, and whether the misconduct is abusive to the judicial process."). While the court does not condone any misrepresentations in any court filings, the posture of this case suggests that dismissal is not appropriate. As noted by plaintiff in his response brief, however, defendants are free to impeach plaintiff in discovery and at trial with this or any misrepresentation.

**Conclusion**

For the above reasons, defendants Chaplain Dave Thurman's and Chaplain Laura Devries' motion to dismiss [41] is granted in part and denied in part. Plaintiff shall submit a third amended complaint within 14 days consistent with this order. Further, the parties are ordered to contact Magistrate Judge Johnston's operations specialist within 14 days to discuss the scheduling of a settlement conference.

Date: 03/04/2020 ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)